UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) JIANXIONG CHEN,<br>(2) YUXIONG WU,<br>(3) DINGHUI LI,<br>(4) DECHAO MA,<br>(5) PENG LIAN ZHU,<br>(6) HONGBIN WU, and<br>(7) YANRONG ZHU,<br><br>Defendants | Criminal No. 25cr10284 JEK-MPK<br><br>Violations:<br><br>Count One: Conspiracy to Manufacture, Distribute and Possess with Intent to Distribute Marihuana<br>(21 U.S.C. § 846)<br><br>Count Two: Money Laundering Conspiracy<br>(18 U.S.C. § 1956(h))<br><br>Counts Three Through Twenty-One: Money Laundering; Aiding and Abetting<br>(18 U.S.C. §§ 1957 and 2)<br><br>Count Twenty-Two: Bringing Aliens to the United States; Aiding and Abetting<br>(8 U.S.C. § 1324(a)(2) and 18 U.S.C. § 2)<br><br>Drug Forfeiture Allegation:<br>(21 U.S.C. § 853)<br><br>Money Laundering Forfeiture Allegation:<br>(18 U.S.C. § 982(a)(1))<br><br>Alien Smuggling Forfeiture Allegation:<br>(18 U.S.C. § 982(a)(6) and 28 U.S.C. § 2461(c)) |

## INDICTMENT

At all times relevant to this Indictment:

### General Allegations

1. Beginning in 2020 and continuing to the present, a network of interconnected grow houses in the District of Massachusetts and the District of Maine manufactured marihuana for sale.

These grow houses were owned, operated, maintained or controlled by individuals in the District of Massachusetts from or with historical ties to China and employed Chinese nationals smuggled into the United States to operate them.

2. Marihuana from these grow houses was transported in bulk to residences in the District of Massachusetts. From there, the marihuana was distributed to drug traffickers in the District of Massachusetts and sold.

3. Profits from these marihuana sales, which totaled in the millions of dollars, were used to purchase luxury homes, automobiles, jewelry, and other items in the District of Massachusetts; to finance the purchase of real estate used to grow and expand marihuana trafficking in the District of Massachusetts and elsewhere; and were converted into financial instruments in the District of Massachusetts and elsewhere that purported to be wages, gift payments, and other forms of legitimate income.

4. Defendant (1) JIANXIONG CHEN was a resident of Braintree, Massachusetts. CHEN controlled several marihuana grow houses in the District of Maine. CHEN's residence served as a base of operations for the enterprise. Marihuana manufactured by the interconnected network of grow houses was delivered to CHEN at his residence. CHEN distributed marihuana to other dealers from his residence and received bulk cash from dealers at his residence. CHEN smuggled Chinese nationals into the United States to work at grow houses he controlled.

5. Defendant (2) YUXIONG WU was a resident of Weymouth, Massachusetts. Defendant (3) DINGHUI LI was a resident of Braintree, Massachusetts. Defendant (4) DECHAO MA was a resident of Braintree, Massachusetts. Defendant (5) PENG LIAN ZHU was a resident of Melrose, Massachusetts. These defendants all acquired kilogram-sized packages of marihuana from (1) CHEN and delivered bulk cash back to (1) CHEN at his residence. They also hid the

marihuana and cash coming from (1) CHEN's residence and going to (1) CHEN's residence in the engine compartments of automobiles they operated.

6.      Defendant (6) HONGBIN WU was a resident of Quincy, Massachusetts. Defendant (7) YANRONG ZHU was a resident of Greenfield, Massachusetts and Brooklyn, New York.   On June 5, 2023, (6) WU and (7) ZHU were stopped by law enforcement after leaving a marihuana grow house in Greenfield, Massachusetts. Approximately $36,900 in cash was seized from (6) WU and (7) ZHU and (6) WU was photographed wearing a t-shirt that depicted an iron "laundering" money:



[$36,900 seized from (6) HONGBIN WU, wearing a "money laundering" t-shirt]

Object of the Marihuana Conspiracy

7.      From in or about January 2020 to the present, (1) JIANXIONG CHEN, (2) YUXIONG WU, (3) DINGHUI LI, (4) DECHAO MA, (5) PENG LIAN ZHU, (6) HONGBIN WU, and (7) YANRONG ZHU conspired to cultivate and distribute marihuana. The members of the conspiracy relied on a network of interconnected marihuana grow houses in the District of Massachusetts and the District of Maine to manufacture marihuana for sale. Members of the

conspiracy acquired marihuana from these grow houses and stored bulk quantities of marihuana in their residences before it was sold to customers. (1) CHEN smuggled Chinese nationals into the United States to work in grow houses he controlled and kept possession of their passports until they repaid him for the cost associated with smuggling them into the United States.

Manner and Means of the Marihuana Conspiracy

8. Among the manner and means by which (1) JIANXIONG CHEN, (2) YUXIONG WU, (3) DINGHUI LI, (4) DECHAO MA, (5) PENG LIAN ZHU, (6) HONGBIN WU, and (7) YANRONG ZHU and others known and unknown to the Grand Jury carried out the marihuana manufacture and distribution conspiracy were the following:

a. Owning, operating, or partnering with a number of interconnected illegal marihuana grow houses in the District of Massachusetts and the District of Maine to produce marihuana for distribution;

b. Smuggling Chinese nationals into the United States to work at the grow houses to manufacture large quantities of marihuana;

c. Transporting kilogram-sized quantities of marihuana from grow houses to the District of Massachusetts for storage, including at (1) CHEN's residence, the base of operations for the members of the conspiracy;

d. Secreting packages of marihuana inside automobiles driven from (1) CHEN's residence for later distribution and returning cash profits from the sale of marihuana to (1) CHEN's residence;

e. Maintaining an "East Coast Contact List" for marihuana cultivators and distributors from or with ties to China operating in the northeast United States to remain in contact with each other:



美东通讯簿

[Image of one page from the East Coast Contact List]

f. Delivering cash profits from marihuana sales to as-yet unidentified coconspirators in the Eastern District of New York.

Acts in Furtherance of the Marihuana Conspiracy

9. On various dates from in or about January 2020 through the present, the defendants and others known and unknown to the Grand Jury committed and caused to be committed the following acts, among others, in furtherance of the marihuana conspiracy:

10. On or about November 12, 2023, (2) WU sent (1) CHEN an article entitled, "Triad Weed: How Chinese Marijuana Grows Took Over Rural Maine" and other, similar articles concerning Chinese marihuana grow operations in Oklahoma by WeChat message.

11. Beginning on or about March 13, 2024, and continuing until on or about March 17, 2024, (1) CHEN exchanged a series of WeChat messages with (3) LI where (1) CHEN directed (3) LI to travel to an address in Albany, New York to deliver $35,000. (1) CHEN cautioned (3) LI, "Pay the money immediately," "Don't linger," and "So dangerous."

12. On or about January 11, 2024, (1) CHEN paid for one alien to be smuggled across the United States – Mexico border.

13.     On January 12, 2024, (1) CHEN paid for the alien's airplane ticket to fly from San Diego, California to Boston, Massachusetts. (1) CHEN took possession of the alien's Chinese passport after the alien arrived in Massachusetts and kept the passport in a safe at (1) CHEN's residence.

14.     On January 18, 2024, (2) WU sent (1) CHEN a news link by WeChat messenge discussing marihuana-related seizures and arrests in Braintree.

15.     From January to October 2024, (1) CHEN communicated by WeChat message with the smuggled alien, who worked in one of several marihuana grow houses controlled by (1) CHEN in the District of Maine. Month by month, (1) CHEN informed the alien how much money the alien had paid toward his debt to (1) CHEN for smuggling him into the United States and how much more money the alien needed to pay (1) CHEN before the alien's debt was paid off.

16.     In October 2024 at his residence at 76 Cochato Road in Braintree, (1) CHEN possessed over $270,000 in cash, either in the house or in the truck of a Porsche automobile registered to him in his driveway, a money counter in his garage, cellular telephones, and several Chinese passports and other identification documents found inside a safe.



[Surveillance camera image of 76 Cochato Road in Braintree, the home of (1) JIANXIONG CHEN]

17. In October 2024 at his residence at 111 Park Avenue W in Weymouth, (2) WU possessed approximately 22 kilograms of marihuana and over $60,000 in cash.

18. In October 2024 at his residence at 27 Tower Hill Road in Braintree, (3) LI possessed approximately seven kilograms of marihuana.

19. In October 2024 at his residence at 131 Hannah Niles Way in Braintree, (4) MA possessed approximately 30 kilograms of marihuana and almost $30,000 in cash.

[131 Hannah Niles Way, Braintree, Massachusetts, the residence of (4) DECHAO MA]

20. In October 2024 at his residence at 100 Derby Road in Melrose, (5) ZHU possessed over fifty kilograms of marihuana, almost $100,000 in cash, and numerous luxury items, including a gold Rolex with a tag still on it for $65,000.

[Kilograms of marihuana seized from 100 Derby Road in Melrose, the residence of (5) PENG LIAN ZHU]

Object of the Money Laundering Conspiracy

21. From in or about January 2020 through the present, members of the conspiracy collected illicit proceeds generated by marihuana sales and converted by various unindicted co-conspirators into financial instruments to conceal and disguise the true nature, source, and ownership of the illicit funds. (1) CHEN, (2) WU, (3) LI, (4) MA, and (5) ZHU then utilized the laundered funds to finance the purchase of real property. At least some of these properties were used to further promote the underlying drug trafficking operations, as the real property was used to store packaged marihuana for distribution and bulk cash. Profits from marihuana sales were driven to co-conspirators in the Eastern District of New York.

Manner and Means of the Money Laundering Conspiracy

22. Among the manner and means by which (1) JIANXIONG CHEN, (2) YUXIONG WU, (3) DINGHUI LI, (4) DECHAO MA, (5) PENG LIAN ZHU, and others known and unknown to the Grand Jury carried out the money laundering conspiracy were the following:

a. Collecting bulk cash from the sales of marihuana;

b. Converting bulk cash into financial instruments that on their face appeared to represent wages, gift payments, or some other form of legitimate income;

c. Engaging in the purchase and subsequent financing of real estate holdings to further the marihuana trafficking conspiracy; and

d. Using the proceeds of marihuana trafficking to purchase luxury homes, automobiles, jewelry, and other items.

COUNT ONE
Conspiracy to Manufacture, Distribute and Possess with Intent to Distribute Marihuana
(21 U.S.C. § 846)

The Grand Jury charges:

23. The Grand Jury re-alleges and incorporates by reference paragraphs 1-20 of this Indictment.

24. From at least in or about 2020 through the present, in the District of Massachusetts, the Eastern District of New York, the District of Maine, and elsewhere, the defendants,

(1) JIANXIONG CHEN,
(2) YUXIONG WU,
(3) DINGHUI LI,
(4) DECHAO MA,
(5) PENG LIAN ZHU,
(6) HONGBIN WU, and
(7) YANRONG ZHU,

conspired with each other and with persons known and unknown to the Grand Jury to knowingly and intentionally manufacture, distribute and possess with intent to distribute a mixture and substance containing a detectable amount of marihuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846.

COUNT TWO
Money Laundering Conspiracy
(18 U.S.C. § 1956(h))

The Grand Jury further charges:

The Grand Jury re-alleges and incorporates by reference paragraphs 1-7 and 21-22 of this Indictment.

25.     From in or about January 2020 to the present, in the District of Massachusetts and elsewhere, the defendants,

(1) JIANXIONG CHEN,
(2) YUXIONG WU,
(3) DINGHUI LI,
(4) DECHAO MA, and
(5) PENG LIAN ZHU,

conspired with each other and with others known and unknown to the Grand Jury to:

(a) conduct and attempt to conduct financial transactions, knowing that the property involved in such transactions represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, the distribution of marihuana, in violation of Title 21, United States Code, Section 841(a)(1), with the intent to promote the carrying on of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i);

(b) conduct and attempt to conduct financial transactions, knowing that the property involved in such transactions represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, the distribution of marihuana, in violation of Title 21, United States Code, Section 841(a)(1), and knowing that the transactions were designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the

proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

(c) knowingly engage and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000, where such property was derived from a specified unlawful activity, that is, the distribution of marihuana, in violation of Title 21, United States Code, Section 841(a)(1), in violation of Title 18, United States Code, Section 1957.

All in violation of Title 18, United States Code, Section 1956(h).

COUNTS THREE THROUGH TWENTY-ONE
Money Laundering; Aiding and Abetting
(18 U.S.C. §§ 1957 and 2)

The Grand Jury further charges:

26. The Grand Jury re-alleges and incorporates by reference paragraphs 1-7 and 20-21 of this Indictment.

27. On or about the dates set forth below, in the District of Massachusetts and elsewhere, the defendants, as identified in each count below, did knowingly engage and attempt to engage in the following monetary transactions, in criminally derived property of a value greater than $10,000, that is the disbursement of funds, where such property was derived from specified unlawful activity, that is, the distribution of marihuana, in violation of Title 21, United States Code, Section 841(a)(1):

| **Count** | **Defendant** | **Approximate Date** | **Description of Transaction** |
|---|---|---|---|
| 3. | JIANXIONG CHEN | September 30, 2020 | $58,440 check payable to Lauria Real Estate |
| 4. | JIANXIONG CHEN | December 23, 2020 | $319,270.50 check payable to MT Law LLC |
| 5. | JIANXIONG CHEN | February 23, 2021 | $11,253.04 electronic payment to Toyota Financial Services |
| 6. | JIANXIONG CHEN | April 9, 2021 | $40,000 cashier's check payable to Shu Ying Li |
| 7. | JIANXIONG CHEN | Jun 16, 2021 | $90,500 cashier's check payable to Porsche Norwell |

| | | | |
|---|---|---|---|
| 8. | JIANXIONG CHEN | May 10, 2022 | $52,190.56 electronic payment to Porsche Financial Services |
| 9. | JIANXIONG CHEN | March 24, 2023 | $41,500 electronic transfer to Bank of America account held by Licheng Huang |
| 10. | JIANXIONG CHEN | April 4, 2023 | $20,000 cashier's check payable to Marc Fishman Maine Realty |
| 11. | JIANXIONG CHEN | October 27, 2023 | $100,000 wire transfer to Citibank account held in the name of Weishuwu Hot Pot LLC |
| 12. | JIANXIONG CHEN | January 11, 2024 | $50,000 wire transfer to Citibank account held in the name of Weishuwu Hot Pot LLC |
| 13. | JIANXIONG CHEN | July 31, 2024 | $10,800 cashier's check payable to 8 Ring Landing Corp. |
| 14. | DINGHUI LI | July 22, 2021 | $28,750 cashier's check payable to Keller Williams Realty Signature Properties |
| 15. | DINGHUI LI | September 1, 2021 | $120,000 cashier's check payable to Dinghui Li, endorsed and deposited into Lee & Associates IOLTA |

| | | | |
|---|---|---|---|
| 16. | DECHAO MA | April 2, 2021 | $47,750 cashier's check payable to Success! Real Estate |
| 17. | DECHAO MA | May 25, 2021 | $100,000 cashier's check payable to SKM Title & Closing Services, PC |
| 18. | YUXIONG WU | October 22, 2020 | $20,075.20 electronic payment to Infiniti Finance |
| 19. | YUXIONG WU | August 17, 2021 | $11,331.70 electronic payment to Toyota Financial Services |
| 20. | YUXIONG WU | May 19, 2022 | $40,000 check payable to Porsche Norwell |
| 21. | YUXIONG WU | December 22, 2023 | $50,000 wire transfer to Citibank account held in the name of Weishuwu Hot Pot LLC |

All in violation of Title 18, United States Code, Sections 1957 and 2.

COUNT TWENTY-TWO
Bringing Aliens to the United States; Aiding and Abetting
(8 U.S.C. § 1324(a)(2); 18 U.S.C. § 2)

The Grand Jury further charges:

28.    The Grand Jury re-alleges and incorporates by reference paragraphs 1-20 of this Indictment.

29.    In or about January 2024, in the District of Massachusetts, the Southern District of California, and elsewhere, the defendant, JIANXIONG CHEN, knowing and in reckless disregard of the fact that an alien identified as Alien A, whose identity is known to the Grand Jury, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien, with the intent and with reason to believe that said alien would commit an offense against the United States and any state that is punishable by a term of imprisonment exceeding one year, to wit: violations of Title 21, United States Code, Section 841(a)(1), and for the purpose of commercial advantage and private financial gain.

All in violation of Title 8, United States Code, Section 1324(a)(2)(B)(i) & (ii) and Title 18, United States Code, Section 2.

DRUG FORFEITURE ALLEGATION
(21 U.S.C. § 853)

The Grand Jury further finds:

1. Upon conviction of the offense in violation of Title 21, United States Code, Section 846, set forth in Count One, the defendants,

(1) JIANXIONG CHEN,
(2) YUXIONG WU,
(3) DINGHUI LI,
(4) DECHAO MA,
(5) PENG LIAN ZHU,
(6) HONGBIN WU, and
(7) YANRONG ZHU,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense. The property to be forfeited includes, but is not limited to, the following assets:

a. The real property located at 76 Cochato Road, Braintree, MA 02184, including all buildings, appurtenances, and improvements thereon, more fully described in a Quitclaim Deed recorded with Norfolk County Registry of Deeds in Book 37741 Page 249;

b. The real property located at 131 Hannah Niles Way, Braintree, MA 02184, including all buildings, appurtenances, and improvements thereon, more fully described in a Quitclaim Deed recorded with Norfolk County Registry of Deeds in Document Number 1477961, and Certificate Number 205122;

c. $21,579.00 U.S. currency seized from various locations within 76 Cochato Road, Braintree, MA;

d. $254,945.00 U.S. Currency seized from a 2020 Porsche Panamera at 76 Cochato Road, Braintree, MA;

e. One Audemars Piguet Royal Oak Offshore watch, S/N: NP0317U;

  f. One Rolex watch, model: 116505, S/N: 6687H8D7;

  g. $59,561.00 U.S. Currency seized from various locations within 111 Park Avenue West, Weymouth, MA,

  h. $1,047.00 U.S. Currency seized from a 2019 Toyota Camry at 111 Park Avenue West, Weymouth, MA,

  i. One Rolex watch, model: 116503, S/N: 26X534T0;

  j. One Rolex watch, model: 278381RBR, S/N: 440M86G4;

  k. $27,332.00 U.S. currency seized from various locations within 131 Hannah Niles Way, Braintree, MA;

  l. $1,970.00 U.S. currency seized from a 2017 Mercedes E43W4 at 131 Hannah Niles Way, Braintree, MA,

  m. 18K gold and diamond Cartier bracelet, S/N: LVR031;

  n. $97,593.00 U.S. currency seized from 100 Derby Road, Melrose, MA;

  o. Miscellaneous designer clothing seized from 100 Derby Road, Melrose, MA;

  p. Miscellaneous designer handbags and wallets seized from 100 Derby Road, Melrose, MA;

  q. Miscellaneous watches and accessories seized from 100 Derby Road, Melrose, MA;

  r. Miscellaneous liquor bottles seized from 100 Derby Road, Melrose, MA;

  s. Miscellaneous designer clothing from 100 Derby Road in Melrose, MA; and

  t. $36,900 U.S. currency seized on June 5, 2023.

 2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendant --

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the Court;

    d.   has been substantially diminished in value; or

    e.   has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

    All pursuant to Title 21, United States Code, Section 853.

MONEY LAUNDERING FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(1))

The Grand Jury further finds:

1. Upon conviction of the offenses in violation of Title 18, United States Code, Section 1956, set forth in Counts Two through Twenty-One, the defendants,

(1) JIANXIONG CHEN,
(2) YUXIONG WU,
(3) DINGHUI LI,
(4) DECHAO MA, and
(5) PENG LIAN ZHU,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following assets:

a. The real property located at 76 Cochato Road, Braintree, MA 02184, including all buildings, appurtenances, and improvements thereon, more fully described in a Quitclaim Deed recorded with Norfolk County Registry of Deeds in Book 37741 Page 249; and

b. The real property located at 131 Hannah Niles Way, Braintree, MA 02184, including all buildings, appurtenances, and improvements thereon, more fully described in a Quitclaim Deed recorded with Norfolk County Registry of Deeds in Document Number 1477961, and Certificate Number 205122.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendant --

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

        e.   has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b),

incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property

of the defendant up to the value of the property described in Paragraph 1 above.

        All pursuant to Title 18, United States Code, Section 982(a)(1).

ALIEN SMUGGLING FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(6) and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

1. Upon conviction of the offense alleged in Count Twenty-Two of this Indictment, defendant (1) JIANXIONG CHEN shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(6), all conveyances, including vessels, vehicles, and aircraft, used in the commission of the violation, all property, real and personal, that constitutes or is derived from or is traceable to proceeds obtained directly or indirectly from the commission of the offense, and all property, real or personal, that was used to facilitate, or was intended to be used to facilitate the commission of the offense. The property to be forfeited includes, but not limited to, the following:

a. The real property located at 76 Cochato Road, Braintree, MA 02184, including all buildings, appurtenances, and improvements thereon, more fully described in a Quitclaim Deed recorded with Norfolk County Registry of Deeds in Book 37741 Page 249.

2. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b) and Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 982(a)(6) and 28 U.S.C. § 2461(c).

A TRUE BILL

FOREPERSON

CHRISTOPHER POHL
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: July 2, 2025

Returned into the District Court by the Grand Jurors and filed.

/s/ Alexandra Traganos
DEPUTY CLERK